[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION OF COURT'S RULING ON PLAINTIFF'S MOTION TO AMEND COMPLAINT
This action was brought in April of 1995. It was thereafter removed to federal court by two defendants on a question of federal law relating to the Labor Management Relations Law (LMRA)29 U.S.C § 185. The federal district court, Nevas, J., found that the plaintiff was not an at-will employee and that the claimed breach of contract of count one and the claimed breach of the implied covenant of good faith and fair dealing of count two were preempted by § 301 of LMRA supra because plaintiff's collective bargaining agreement included a "just cause" provision, which would have to be interpreted in relation to the claims being made in those two counts. Having so determined, both counts were dismissed as untimely, the applicable statute of limitations having run. The case was returned to the state court to deal with the remaining counts of the complaint.
The plaintiff requested permission to amend his complaint which amendment was objected to by the defendants.
The plaintiff contends that the claim in count one of the amended complaint is a wrongful discharge claim under Sheets v.CT Page 374Teddy's Frosted Foods, sounding in tort and that the reason for that is the sexual orientation claim. He states that all contract language has been removed and that therefore it is not the same claim alleged in count two of the original complaint. The plaintiff prefaces his new claim argument with the argument that he should be allowed to amend his complaint and if it is to be challenged it should be challenged by a motion to strike or a summary judgment motion. No authority is cited for this latter proposition. His argument that fairness would dictate that he be given this opportunity is unpersuasive. It should be noted that the plaintiff did not appeal the federal court decision.
As to the plaintiff's argument that this is a wrongful discharge claim and thus a state tort claim under Sheets, supra,
the federal court, Nevas, J. addressing that claim pointed out that under Sheets Connecticut law allows at-will employees to bring a cause of action in tort for wrongful discharge in contravention of established public policy but that the Connecticut Supreme Court has made it clear that this cause of action only extends to workers who could be discharged at will.See D'Ulisse-Cupo v. Board of Directors of Notre Dame HighSchool, 202 Conn. 206 (1987). The court, Nevas J., went on to say that the Sheets claim is not afforded to employees whose discharge is contractually protected by a just cause provision in a collective bargaining agreement, citing Anderson v. Coca ColaBottling Co., 772 F. Sup. 77, 82 (D. Conn. 1991).
This court finds that count one of the amended complaint, which is the subject of the instant motion is the same claim ruled on by the federal district court, Nevas, J. The absence of contract language or the absence of reference to the collective bargaining agreement does not mean that the collective bargaining agreement is not going to have to be considered. Indeed the claim of count one can only be dealt with within the context of the collective bargaining agreement and its "just cause" provision. Accordingly, plaintiff's request to amend complaint is denied.
Mary R. Hennessey, Judge. CT Page 375